UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST AMERICAN BANKCARD, INC. | CIVIL ACTION |
| VERSUS | NO. 15-638 |
| SMART BUSINESS TECHNOLOGY, INC. ET AL. | SECTION "N" (2) |

## ORDER AND REASONS ON MOTION

This is an action asserting various state law claims pending in this court under the court's diversity of citizenship jurisdiction. Plaintiff, First American Bankcard, Inc., seeks damages, alleging that defendants provided it with deficient and defective services relating to the design, manufacture and hosting of software products for use by plaintiff in processing cash advance and check cashing at casinos.

Plaintiff filed a Motion to Compel Discovery and for Reasonable Expenses against one of the defendants, Smart Business Technology, Inc. Record Doc. No. 136. The motion seeks additional responses to plaintiff's Interrogatories Nos. 6, 8, 10, 13, 14 and 15 and Requests for Production Nos. 3, 6, 7, 36, 37, 42 and 43. Defendant filed a timely opposition memorandum, Record Doc. No. 145, and plaintiff was permitted to reply. Record Doc. No. 152. Having considered the motion papers, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN SUBSTANTIAL PART AND DENIED IN LIMITED PART.

The motion is granted as to Interrogatories Nos. 6, 8, 10 and 15, and all objections are overruled, subject to the limitation contained herein. Specifically, defendant has

offered nothing sufficient to support or establish its objections on grounds of disproportionality and undue burden and expense outweighing the likely benefit of this highly relevant discovery. The amendment to Fed. R. Civ. P. 26(b)(1) that incorporated the proportionality component into the threshold definition of the scope of discovery

> does <u>not</u> place on the party seeking discovery the burden of addressing <u>all</u> proportionality considerations. <u>Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional.</u> The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes. . . . A party requesting discovery, for example, may have little information about the burden or expense of responding. A party requested to provide discovery may have little information about the importance of the discovery in resolving the issues. . . . . A party claiming undue burden or expense ordinarily has far better information – perhaps the only information – with respect to that part of the determination.

<u>Federal Civil Judicial Procedure and Rules</u> at p. 150 (quoting Advisory Committee Notes to the 2015 Amendments to the Federal Rule of Civil Procedure) (Thomson Reuters 2017) (emphasis added). In this instance, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.

IT IS ORDERED, however, in the exercise of the court's responsibility to consider the proportionality of all discovery, that the time period as to which Interrogatories Nos. 6 and 15 must be answered is limited to the time period alleged in the complaint as the period of the business relationship between the parties, June 8, 2009 to the date when plaintiff

"elected to permanently end its relationship" with defendant. Record Doc. No. 1 (Complaint) at ¶¶ 18, 33.

The motion is granted as to Interrogatories Nos. 13 and 14. All objections are overruled. The limited responsive information provided in response to these interrogatories is deficient. Again, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge. In addition, the vague reference to "responsive Documents" that defendant says it will produce fails to comply with the specificity requirements of Fed. R. Civ. P. 33(d)(1). Defendant must answer these interrogatories by providing all responsive information within its corporate knowledge.

In addition, I note that the copy of interrogatory answers provided to me in connection with this motion does not include the verification of interrogatory answers, sworn under oath, required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5). The required verification must be provided.

As to the disputed requests for production, the motion is granted as to Requests for Production Nos. 3, 6, 7, 36, 37 and 42. The objections are overruled because they are absurd in this context. A discovery ruling is interlocutory and non-dispositive. The requested materials are clearly relevant and within the scope of discovery. The fact that they are ordered produced for discovery purposes in no way pretermits the court's resolution of the ultimate, dispositive issues defendant objects are "disputed." Almost all claims or defenses as to which discovery is sought are disputed. A protective order

sufficient to address defendant's concerns about the use to which these materials may be put is already in place, Record Doc. No. 139, and these materials may be produced subject to that protective order, if appropriate. Defendant must provide new written responses to each request clearly stating, without objection, either that all responsive materials in its possession, custody or control are being produced or that it has no responsive materials in its possession, custody or control.

For the first time in its opposition memorandum, though <u>not</u> in its Rule 34(b) written responses and/or objections to these requests, defendant argues that it "does not have possession of the requested data" because it "is no longer a going concern" and, upon its business demise, the materials "remained in the hands of [its] former <u>owners and top officers, co-defendants Fuente and Romero.</u>" Record Doc. No. 145 at p. 4 (emphasis added). This argument is unpersuasive for two reasons.

First, because defendant did not assert this argument in its Rule 34(b) written responses, the objection has been waived. See <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); <u>Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); <u>McLeod, Alexander, Powell & Apffel v. Quarles</u>, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity held invalid); <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are

waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Office of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004).

Second, a party's obligation to produce materials in the Rule 34 production and inspection process extends beyond mere possession.  Defendant's obligation is to produce such materials or electronically stored information ("ESI") that are within its possession, custody or control.  Fed. R. Civ. P 34(a)(1).

> Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action. Moreover, [a] party must make a reasonable search of all sources reasonably likely to contain responsive documents. The term "all sources" includes plaintiff's attorney, expert, insurance company, accountant, spouse, agent, etc. Typically, what must be shown to establish control over documents in the possession of a non-party is that there is a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession.

Duarte v. St. Paul Fire & Marine Ins. Co., No. EP-14-CV-305-KC, 2015 WL 7709433, at *5 (W.D. Tex. Sept. 25, 2015) (quotations omitted) (citing S. Filter Media, LLC v. Halter, No. 13-116-JJB-RLB, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014); Luv N' Care Ltd. v. Groupo Rimar, No. 14-2491, 2015 WL 3756308, at *2 (W.D. La. June 15, 2015); White v. State Farm Mut. Auto. Ins. Co., No. 09-000991-BAJ-DLD, 2011 WL 3423388, at *2 & n.3 (M.D. La. Aug. 4, 2011)).

"The concept of 'control' . . . is often highly fact-specific, [but certainly includes when] the party to whom the request is made <u>has the legal right to obtain the document</u>, even though in fact it has no copy." 8B C. Wright, A. Miller, M. Kane, R. Marcus and A. Steinman, <u>Federal Practice & Procedure</u> § 2210 (3d ed.) (avail. on Westlaw) (hereafter "Wright & Miller") (citing <u>U.S. Int'l Trade Comm'n v. ASAT, Inc.</u>, 411 F.3d 245 (D.C. Cir. 2005); <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir. 1984); <u>Costa v. Kerzner Int'l Resorts, Inc.</u>, 277 F.R.D. 468 (S.D. Fla. 2011); <u>Colon v. Blades</u>, 268 F.R.D. 129 (D.P.R. 2010); <u>In re NTL, Inc. Secs. Litig.</u>, 244 F.R.D. 179 (S.D.N.Y. 2007); <u>Mt. Hawley Ins. Co. v. Felman Prod., Inc.</u>, 269 F.R.D. 609 (S.D. W. Va. 2010)) (emphasis added). Factors to consider in determining whether a party has "control" of materials include "whether the litigant . . . could secure materials from [a] nonparty corporation to meet its own business needs, and whether, by virtue of stock ownership or otherwise, one . . . effectively controls the other." <u>Id.</u> text at n.8. "[Under some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on <u>practical ability to obtain them</u>." <u>Id.</u> text at n.12 (emphasis added).

Because a corporation or other business entity may act only through the persons connected with it, possession, custody or control includes that exercised by the party's employees, agents and managers. As "former owners and top officers" of defendant, Fuente and Romero are precisely the kinds of individuals who owe an obligation to their ex-corporate employer to provide the requested materials upon request and from whom the corporate defendant would be expected to have a practical ability to obtain them. Counsel

for defendant points out that the same materials have recently been requested from co-defendants Fuente and Romero. It appears, however, that responses from them are not yet due. One way or the other, the requested materials must be produced to plaintiff. To avoid duplication and cumulation, IT IS ORDERED that counsel for all defendants must confer immediately upon receipt of this order and coordinate their production of these materials, if they exist, since their former close relationship establishes that, among them, they have possession, custody or control.

The motion is denied, at least at this time, as to Request for Production No. 43, which requests broad-ranging forensic imaging of defendant's "computer/server" systems. Unlike the discovery that is the subject of the interrogatories and requests for production addressed above, neither the relevance nor the proportionality of the forensic imaging sought by this request are readily apparent to the court. Neither party has provided anything more than the conclusory statements of its counsel in the way of useful information needed to conduct a meaningful proportionality analysis that would prompt me to compel the forensic imaging sought in Request No. 43.

Forensic imaging of defendant's computers is within the scope of ESI discovery contemplated by Fed. R. Civ. P. 34(a)(1)(A). At the same time, however, such requests are also subject to the proportionality limitations applicable to all discovery. The Official Advisory Committee Notes to the 2006 Amendments to Rule 34 relating to electronic discovery of the type sought in Request No. 43 caution: "The addition of [computer] testing and sampling to Rule 34(a) with regard to . . . electronically stored information is

not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems." Advisory Committee Notes to 2006 Amendments, quoted in <u>Federal Civil Judicial Procedure and Rules</u> at p. 171 (Westlaw Pamph. 2017 ed.).

Thus, while forensic computer imaging is "not uncommon in the course of civil discovery, . . . '[c]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature.'" <u>John B. v. Goetz</u>, 531 F.3d 448, 459-60 (6th Cir. 2008) (quoting <u>Balboa Threadworks, Inc. v. Stucky</u>, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006)) (citations omitted). "[C]ompelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures . . . ." <u>Id.</u> at 460.

The remainder of the discovery compelled by this order appears proportionally sufficient to plaintiff's needs at this time, without exceeding the proportionality limit by ordering the broad requested forensic imaging. If the production required by this order and further developments prove otherwise, plaintiff may refile its motion as to Request No. 43, but only after counsel for both sides confer in detail between themselves and with their technical advisers and develop evidence-based information concerning importance, access,

burden, costs, etc., sufficient to establish whether the requested forensic imaging is proportionally appropriate.

IT IS ORDERED that all interrogatory answers, including the required verification; and written responses to requests for production, together with actual production of all responsive materials, must be provided by defendant to plaintiff no later than June 16, 2017.

The motion is granted insofar as it seeks an award of attorney's fees and costs incurred in connection with this motion, but only in part. Fed. R. Civ. P. 37(a)(5)(C) provides: "If the motion is granted in part and denied in part, the court may . . . , after giving an opportunity to be heard, <u>apportion</u> the reasonable expenses for the motion." (Emphasis added). This motion has been granted in substantial part and denied in limited part. Accordingly, an award of reasonable fees and costs will be made, but only insofar as an appropriate portion of the total amount relates to the portion of this motion that was granted, if plaintiff can establish those fees and costs. IT IS ORDERED that, if plaintiff seeks such an award, it must file a new motion no later than June 16, 2017, supported by the affidavit of its counsel and in the manner required by Local Rule 54.2, to fix the amount of such an award.

New Orleans, Louisiana, this __24th__ day of May, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE